IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HOLIDAY VILLAGE APARTMENTS, <br><br> Plaintiff, <br><br> v. <br><br> CAITLIN CONWAY AND BRETT BURCH, <br><br> Defendants. | **REPORT AND RECOMMENDATION TO GRANT MOTION TO REMAND (ECF NO. 2)** <br><br><br> Case No. 2:15-cv-00570-RJS-EJF <br><br> Judge Robert J. Shelby <br><br> Magistrate Judge Evelyn J. Furse |

Plaintiff Holiday Village Apartments ("Holiday Village") moves the Court to remand this action back to the Third District Court of Summit County, Utah. (Mot. to Remand 1, ECF No. 2.) Having considered the parties' briefing and case record, the undersigned[1] RECOMMENDS the Court grant Holiday Village's Motion to Remand because Holiday Village's amended complaint fails to provide a jurisdictional basis for the Court to hear the case and deny Holiday Village's request for attorney's fees.[2]

### FACTUAL AND PROCEDURAL HISTORY

On May 20, 2014, Holiday Village filed an eviction complaint in Third District Court, Utah, seeking unpaid rent, damages, court costs, attorney's fees, and an order of eviction. (Compl. for Eviction ("Compl."), ECF No. 2-1.) Holiday Village served the summons and

---

[1] On August 24, 2015, District Judge Robert J. Shelby referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 8.)

[2] Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the undersigned finds oral argument unnecessary and will make its recommendation on the basis of the complaint, amended complaint, and written memoranda.

1

complaint on Defendants Caitlin Conway and Brett Burch ("Ms. Conway and Mr. Burch") on May 29, 2014.  (Certificate of Mailing, ECF No. 2-2.)  On April 27, 2015, Ms. Conway and Mr. Burch subsequently filed a notice of removal.  (*Holiday Vill. Apartments v. Conway*, No. 2:15-cv-293 (D. Utah filed April 27, 2015), Notice of Removal from District Court ("Notice of Removal I"), ECF No. 4.)  Holiday Village filed a motion to remand in response, and Judge Waddoups granted the motion on May 4, 2015, based on Ms. Conway and Mr. Burch's failure to remove the case within thirty days of receiving a copy of the complaint in violation of 28 U.S.C. § 1446(b)(1).  (Order, ECF No. 2-4.)  On July 9, 2015, Holiday Village filed an amended complaint in the state court case.  (*Holiday Vill. Apartments v. Conway*, No. 140500286, Docket Sheet 10 (3d Dist. Utah printed Aug. 13, 2015), ECF No. 2-3.)  In response, Ms. Conway and Mr. Burch filed a second Notice of Removal on August 7, 2015.  (Notice of Removal from Utah 3rd District Court ("Notice of Removal II"), ECF No. 4.)  Holiday Village then filed this Motion to Remand on August 13, 2015.  (Mot. to Remand, ECF No. 2.)  Ms. Conway and Mr. Burch filed an Opposition to the Motion to Remand on August 20, 2015, arguing that they timely filed the second Notice of Removal in light of Holiday Village's amended complaint.  (Obj. to Remand Back to State Court 1, ECF No. 7.)

## DISCUSSION

**I.      Ms. Conway and Mr. Burch Could Not Remove the Case Stated by Holiday Village's Original Complaint.**

28 U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).  Because Holiday Village served Ms. Conway and Mr. Burch a copy of its original complaint on May 29, 2014, and Ms. Conway and Mr. Burch did

not file their first notice of removal until April 27, 2015, Judge Waddoups granted Holiday Village's first motion to remand because of the untimeliness of the removal.  (Order, ECF No. 2-4.)

After Holiday Village filed its amended complaint, however, § 1446(b)(3) could have provided Ms. Conway and Mr. Burch another opportunity to remove the case if the removal satisfied certain other conditions.  Section 1446(b)(3) states:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).  Section 1446(b)(3) only applies "if the case stated by the initial pleading is not removable."  *Id.*  Ms. Conway and Mr. Burch could not remove the case stated by Holiday Village's original complaint because the Court lacked federal question jurisdiction.[3]  To find federal question jurisdiction under 28 U.S.C. § 1331, a question of federal law must appear on the face of the plaintiff's well-pleaded complaint.  *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1236 (10th Cir. 2003).  "A defense that raises a federal question is inadequate to confer federal jurisdiction."  *Merrell Dow Pharms Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908)).  The original complaint only raises claims under Utah Code section 78B-6-811 for eviction (Compl. 2, ECF No. 2-1.)  Because the original complaint did not raise a federal question, the Court lacked federal question jurisdiction.

The Supreme Court recognizes one narrow exception to the general rule that a federal defense does not authorize the exercise of federal-question jurisdiction.  In *Metropolitan Life*

---

[3] Ms. Conway and Mr. Burch did not claim diversity jurisdiction.  (*Holiday Vill. Apartments v. Conway*, No. 2:15-cv-293 (D. Utah filed April 27, 2015), Civil Cover Sheet, ECF No. 4-8.)

*Insurance Co. v. Taylor*, the Supreme Court explained that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." 481 U.S. 58, 63 (1987). An example of such preemption occurs in *ERISA* cases. *Id.* at 64. Ms. Conway and Mr. Burch's second Notice of Removal alludes to the preemption exception. (*See* Notice of Removal II 3, 6, ECF No. 4.) However, the Supreme Court specifically confined its ruling in *Metropolitan Life* to cases where "Congress has clearly manifested an intent to make causes of action . . . removable to federal court." *Metropolitan Life Ins.*, 481 U.S. at 66; *id.* at 67-68 (Brennan, J., concurring). Ms. Conway and Mr. Burch do not cite any authority, nor can the undersigned find any authority, to support their (apparent) proposition that Congress intended to occupy the entire domain of laws regulating evictions from low income housing communities so that any civil action in this area would necessarily raise a federal question. Therefore, Ms. Conway and Mr. Burch could not have removed the case stated by Holiday Village's original complaint for lack of federal jurisdiction. Hence, the underlying case could become removable if a subsequent pleading, motion, or order raises a removable claim. 28 U.S.C. § 1446(b)(3).

**II.     Ms. Conway and Mr. Burch Could Not Remove the Case Stated by Holiday Village's Amended Complaint Because It Fails to State a Basis for Removal.**

Holiday Village filed its amended complaint on July 9, 2015. (*Holiday Vill. Apartments v. Conway*, No. 140500286, Docket Sheet 10 (3d Dist. Utah printed Aug. 13, 2015), ECF No. 2-3.) While the Court did not officially file Ms. Conway and Mr. Burch's second Notice of Removal until August 18, 2015, the date stamp indicates that the Court received the second Notice of Removal on August 7, 2015. (Notice of Removal II 1, ECF No. 4.) While the Tenth Circuit has not ruled on when a notice of removal becomes effective, most courts agree that the effective removal date should be the date on which a defendant files the notice with the state

court.  See *Flying Cross Check, LLC v. Cent. Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1257 (D. Kan. 2001) (holding that "removal is effective upon filing the notice in state court and that in most instances, this filing date will be the date of removal"); *Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996) ("The only rule that logically follows from 28 U.S.C. § 1446(d) is that removal is effected when the notice of removal is filed with the state court and at no other time.").  Because Ms. Conway and Mr. Burch filed their second Notice of Removal with the Utah state court on August 7 (Notice of Removal II 7, ECF No. 4), this filing satisfies the thirty-day requirement of § 1446(b)(3).  Thus, if Holiday Village's amended complaint states a basis from which Ms. Conway and Mr. Burch can ascertain removability, Ms. Conway and Mr. Burch's second Notice of Removal would qualify as timely filed.

      Holiday Village's amended complaint fails to state a removable claim, however.  The amended complaint materially differs from the original complaint only in that it alleges damages for two additional months of unpaid rent, information regarding a state court hearing in which the state court "found no defect in the procedures or notices used by plaintiff," and a calculation for physical damages beyond normal wear and tear.  (Am. Compl. 2-4, *Holiday Vill. Apartments v. Conway*, No. 140500286, at Attachment A.)  The underlying cause of action, unlawful detainer pursuant to Utah Code section 78B-6-811, remains the same.  (*Id.* at 2.)  Thus, the case stated by the amended complaint fails to state a removable claim because the Court still lacks federal question jurisdiction.[4]  As a result, § 1446(b)(3) does not apply, and Ms. Conway and Mr. Burch have no legal basis to attempt a second removal of this case.

---

[4] Ms. Conway and Mr. Burch do not claim diversity jurisdiction.  (Civil Cover Sheet, ECF No. 4-3.)

### III. Ms. Conway and Mr. Burch's Improper Second Removal Attempt Does Not Warrant an Award of Attorney's Fees.

28 U.S.C. § 1447(c) states: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The award of attorney's fees under § 1447(c) turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* The timeliness of the removal constitutes a primary factor in determining its reasonableness. *Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011).

While the undersigned recognizes that Ms. Conway and Mr. Burch proceed *pro se*, this fact does not prevent the Court from imposing sanctions under § 1447(c). *See Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005) (affirming district court's award of attorney's fees to plaintiff due to improper removal from pro se defendant, for plaintiff's complaint presented no federal cause of action, and parties were not diverse). Nonetheless, Ms. Conway and Mr. Burch did file a timely request under § 1446(b)(3). Furthermore, the last remand did not address the federal question issue. Given the complexities of federal jurisdiction and the Defendants' *pro se* status, the undersigned does not find Ms. Conway and Mr. Burch lacked an objectively reasonable basis for seeking removal. Therefore, the undersigned RECOMMENDS the Court deny Holiday Village reasonable fees incurred as a result of defending the second removal.

### RECOMMENDATION

Because Holiday Village's amended complaint did not provide a jurisdictional basis for Ms. Conway and Mr. Burch to file a second Notice of Removal, the undersigned RECOMMENDS the Court grant Plaintiff Holiday Village's motion to remand but deny Holiday

Village's request for reasonable attorney's fees.  The Court will send copies of this Report and Recommendation to the parties, who the Court hereby notifies of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this   2d    day of February, 2016.

BY THE COURT:

*Evelyn J. Furse*
EVELYN J. FURSE
United States Magistrate Judge