UNITED STATES DISTRICT COURT

DISTRICT OF UTAH- CENTRAL DIVISION

| | |
|---|---|
| HOLIDAY VILLAGE APARTMENTS,<br><br>Plaintiff,<br><br>    v.<br><br>CAITLIN CONWAY AND BRETT BURCH,<br><br>Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:15-cv-00570<br><br>Judge Robert J. Shelby<br><br>Magistrate Evelyn J. Furse |

Before the court are Plaintiff Holiday Village Apartments' Motion to Remand this case to Utah's Third Judicial District Court (Dkt. 2) and the February 2, 2016 Report and Recommendation issued by Magistrate Judge Evelyn Furse recommending that this court grant Holiday Village's Motion but deny its request for attorney's fees. (Dkt. 16.) No party has objected to any part of Judge Furse's Report and Recommendation. The time to do so has expired.[1] For this reason, and because the court concludes Judge Furse's Recommendation is legally correct, the court adopts it in full and orders that this case be remanded.

## BACKGROUND

Plaintiff Holiday Village Apartments initiated this action in Utah's Third Judicial District Court, Summit County on May 20, 2104 against the Defendants, Caitlin Conway and Brett Burch. (Dkt. 4-1.) Holiday Village brought a claim pursuant to Utah's unlawful detainer statute, Utah Code Annotated § 78B-6-810, seeking an order allowing it to evict Conway and Burch

---

[1] FED. R. CIV. P. 72(b)(2) (allowing parties fourteen days to serve and file specific objections to a magistrate judge's recommendations concerning pretrial matters dispositive of a claim or defense).

from its Park City apartment building and to recover $532.00 in unpaid rent, damages resulting from the destruction or waste of its property, attorney's fees, and costs.  *Id.*  Holiday Village served its Complaint on Conway and Burch on May 29, 2014.  (Dkt. 2-2.)  Nearly a year later, on April 27, 2015, Burch removed the case to this court.[2]  Holiday Village moved the court to remand the case on the grounds that Burch failed to remove the case within thirty days of receiving a copy of the Complaint.  This court, Judge Clark Waddoups, granted the motion on that basis.[3]

Upon remand, Holiday Village filed an Amended Complaint on July 9, 2015 in Utah's Third Judicial District Court.  (Dkt. 10.)  In the Amended Complaint, Holiday Village restates its unlawful detainer claim, but adds factual details concerning: 1) a June 14, 2014 hearing in which the state court judge ruled Holiday Village could properly evict Conway and Burch; and 3) its calculations ($8,274.31) of claimed wear and tear damages.  *Id.*

Burch responded to the Amended Complaint by filing a second Notice of Removal on August 7, 2015.  (Dkt. 4.)  In the Civil Cover sheet attached to his second Notice of Removal, Burch asserts that the court has federal question jurisdiction.  (Dkt. 4-3.)  He does not assert that the court has diversity jurisdiction, and in fact agrees that he and Holiday Village are both Utah residents.  *Id.*  Holiday Village filed a second Motion to Remand on August 13, 2015.  (Dkt. 2.)  In it, Holiday Village asks the court to remand on the grounds that the case had previously been removed and remanded, and because there is no basis in the Amended Complaint for the federal question jurisdiction Burch asserts as the basis for removal.  Holiday Village also requests an award of attorney's fees pursuant to 28 U.S.C. § 1447(c), which permits a remanding court to

---

[2] Case No. 2:15-cv-00293, Dkt. 4, *Notice of Removal*.
[3] Case No. 2:15-cv-00293, Dkt. 7, *Order.*

award "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

On August 24, 2015, this case was referred to Magistrate Judge Evelyn J. Furse pursuant to 28 U.S.C. § 636(b)(1)(B).  (Dkt. 8.)  Judge Furse issued a Report and Recommendation on February 2, 2016, recommending that this court grant Holiday Village's Motion, but deny its request for attorney fees.  (Dkt. 16.)  Judge Furse concluded that neither the original Complaint nor the Amended Complaint provided a basis for federal question jurisdiction.

## ANALYSIS

Under Rule 72(b)(2) and (3), Federal Rules of Civil Procedure, this court reviews de novo the parts of Judge Furse's Report and Recommendation to which any party files a timely, specific objection.  No party has filed any objection to date.  Any objection hereafter filed would be untimely.[4]  And though no party has objected, the court independently concludes that Judge Furse's Report and Recommendation is legally sound.

Under 28 U.S.C. 1446(a), a defendant who wishes to remove a case from state court generally must do so within thirty days of receiving the complaint.  But even if a case is initially not removable, a defendant may file a notice of removal within thirty days after receiving a copy of an amended pleading "from which it from which it may first be ascertained that the case is one which is or has become removable."[5]  When evaluating removal based on alleged federal question jurisdiction, a "federal question must be presented on the face of the plaintiff's complaint . . . ."[6]

---

[4] FED. R. CIV. P. 72(b)(2).
[5] 28 U.S.C. § 1446(b)(3).
[6] 14B Fed. Prac. & Proc. Juris. § 3722 (4th ed.).

3

Judge Furse correctly determined in her Report and Recommendation that Holiday Village's initial unlawful detainer Complaint set forth no federal question grounds for removal jurisdiction, and that Burch's second notice of removal was timely filed within thirty days of his receipt of Holiday Village's Amended Complaint.[7]  Judge Furse further correctly determined that the case must be remanded because the Amended Complaint's unlawful detainer claim—substantially similar to that asserted in the initial Complain—simply provides no basis for federal jurisdiction.[8]  Likewise, the court agrees with Judge Furse that an award of attorney's fees under 28 U.S.C. § 1447(c) is not warranted at this time.[9]

Accordingly, pursuant to § 1447(c), the court ORDERS that this case be remanded to the Third Judicial District Court, Summit County, Utah.  The Clerk of Court is directed to close this case.  The court declines to impose any award of attorney's fees or costs.

SO ORDERED this 23rd day of February, 2016.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[7] *See* 28 U.S.C. § 1446(b)(3) (providing that except in cases where diversity is the basis for removal, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

[8] *See* 28 U.S.C. § 1447(c) (providing that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[9] Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."